**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: July 22, 2020**

_____
Hon. Catherine J. Furay
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **In the Matter of:** | In Bankruptcy No. |
| | **16-13719-cjf** |
| **SCHROEDER BROTHERS FARMS** | Chapter 11 |
| **OF CAMP DOUGLAS LLP**, | |
| **Debtor.** | |

### ORDER FOR CONTEMPT AND TURNOVER

This matter having come before the Court upon the Motions for Contempt and Turnover ("Motions") filed by the Liquidating Trustee, Jane F. (Ginger) Zimmerman ("Trustee"), and the Court having reviewed the pleadings and record related to the Motions; having determined that notice was given to all parties in interest; having conducted an evidentiary hearing on July 15, 2020, at which the Trustee appeared personally and by her attorney, Kristin K. Beilke of Murphy Desmond S.C., and Troy Schroeder, a limited partner in the Debtor appeared personally and by

his attorney, Galen W. Pittman of Pittman & Pittman Law Offices LLC; and at the conclusion of the hearing, having made its findings of fact and conclusions of law on the record, including, among other things, that the John Deere 7830 tractor is the Debtor's asset and property of the bankruptcy estate subject to liquidation by the Trustee, as well as other findings related to contempt as stated on the record, and it being in the best interests of the bankruptcy estate:

**IT IS ORDERED** that Troy Schroeder deliver to the Trustee or her agents, at a time and place to be determined by the Trustee, the John Deere 7830 Tractor and any attachments thereto;

**IT IS FURTHER ORDERED** that Debtor and all of its partners, including Ross A. Schroeder ("Rocky"), Randall Schroeder ("Randy"), Troy Schroeder, Travis Schroeder, and Ross D. Schroeder (collectively, "Partners") comply in all respects with this Court's Order Granting Trustee's Motion for Turnover In-Part entered on June 12, 2020 and filed at docket no. 356 in this case. All Partners must cooperate with the Trustee and her agents. Such cooperation specifically includes, but is not limited to, disclosing to the Trustee and her agents the locations of the Debtor's property; ceasing all use and operation of the Debtor's property without the express written consent of the Trustee; turning over all property of the Debtor in any of their respective possession to the Trustee or her agents; and retrieving and returning equipment of the Debtor that may be located on neighboring properties or properties not owned by the Debtor.

**IT IS FURTHER ORDERED** that the Debtor and all its Partners cooperate with the Trustee to execute any paperwork for the issuance of insurance proceeds related to damage to the barn in which the Debtor has an interest or other farm program or related proceeds to which the Debtor is entitled, including the endorsement of any checks made jointly payable to the Debtor and any Partner or other third party.

**IT IS FUTHER ORDERED** that the Trustee is hereby granted the authority on behalf of the Debtor and any of its Partners and their spouses, should they fail to do so, to execute any documents and endorse any insurance checks issued by American Family Insurance, or one of its affiliates, under the policy of insurance covering the damage to the Debtor's barn and that American Family Insurance, its affiliates and its financial institution may rely on such endorsement by the Trustee in honoring and negotiating any such checks, and should they fail to accept any such check endorsed by the Trustee as provided in this Order, the Trustee shall have leave to bring a Motion for an Order to Show Cause to require them to appear before this Court and show cause why they should not be held in contempt of this Order.

**IT IS FURTHER ORDERED** that the Debtor and the Partners must remove all livestock from the Debtor's real estate, and refrain from any use of the Debtor's real estate or its facilities without express written consent from the Trustee or abandonment of such real estate and related facilities from this bankruptcy estate.

**IT IS FURTHER ORDERED** that the Debtor and the Partners shall empty the manure pit on the Debtor's property no later than July 29, 2020, or as soon thereafter as weather permits.

**IT IS FURTHER ORDERED** that upon notice of this Order, all persons now in possession, custody or control of any of the Debtor's property, wherever located, are hereby directed to notify the Trustee of any such property in their possession, custody or control, and to attorn to the Trustee and her agents by immediately delivering possession, custody and control of such property to the Trustee or her agents as she directs.

**IT IS FURTHER ORDERED** that the Trustee's right to seek costs and attorneys' fees is hereby reserved.  Upon application to the Court, the Trustee may seek costs, fees, or further sanctions for contempt if the Debtor or any of the Partners fail to comply with this or any other

order of this Court. Such reservation specifically, but not exclusively, relates to the right to recover from Troy Schroeder or Travis Schroeder, the owners of the livestock present on Debtor's property, the costs the Trustee may expend if they fail to empty the manure pit as required under this Order and the Trustee must take action and incur costs to do so. The Trustee's right to seek further contempt or sanctions is hereby reserved specifically, but not exclusively, as it relates to logging proceeds Rocky and his spouse received from Joseph L. Bollig & Sons, Inc., and any other proceeds to which the Debtor was entitled that any of the Partners may have received and failed to turn over to the Trustee since her appointment.

####

4823-0918-9572, v. 1